**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

TERRY BRIAN PATE,
        Plaintiff,

vs.                                    5:08cv229/SPM/MD

E. DIXON, et al.
        Defendants.

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's amended civil rights complaint (doc. 9) pursuant to 42 U.S.C. §1983. Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Upon review of the plaintiff's submissions, it is the opinion of the undersigned that plaintiff's complaint should be dismissed.

Plaintiff was incarcerated at Lake City Correctional Institution at the time the events giving rise to this complaint took place. Named as defendants in this action are correctional officers Edward Dixon, D. Hanganhour, and J. Smith. Plaintiff alleges that Officer J. Smith subjected him to excessive force when slapping him three times in the face while handcuffed, that Officer Dixon wrote a retaliatory disciplinary report against him and that Officer Hanganhour subjected plaintiff to cruel and unusual punishment by poisoning his food. He seeks $10,000-$50,000 in damages and the removal of defendants' job titles. He was previously directed to amend his complaint because he made a claim for monetary damages with no showing of physical injury as required under 42 U.S.C. § 1997e(e), and because the facts as alleged did not appear sufficient to state an Eighth or First

Amendment violation. The court also expressed concern that plaintiff had not exhausted his administrative remedies prior to filing suit.

Plaintiff has now submitted an amended complaint which is clearly premature. Under the pre-PLRA version of § 42 U.S.C.A. § 1997e, courts had the option to stay actions not administratively exhausted, if the court found this to be "appropriate and in the interests of justice." 42 U.S.C. § 1997e(a)(1)(1994)(amended 1996). By contrast, the current version provides that:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a) (West Supp.1997).

Included with the amended complaint is a single request for administrative remedy or appeal filed on July 27, 2008, <u>after</u> this case was filed.[1] Plaintiff was previously advised that failure to have exhausted administrative remedies as to each claim raised in the complaint **prior to** filing suit is grounds for dismissal of any unexhausted claim, or plaintiff's entire case. *Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir. 2005); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000). The exhaustion process is mandatory, and cannot be waived even when the process is futile or inadequate. *Bryant v. Rich,* 530 F.3d 1368, 1373 (11th Cir. 2008) (citing *Alexander,* 159 F.3d at 1325-26); *Jones v. Nassau County Correctional Officers*, 2008 WL 1746063 (citing *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000)) (alleged inadequacy of grievance procedure does not excuse prisoner's failure to comply with it). Clearly, plaintiff's submission shows that he did not exhaust his administrative remedies before filing this case.

---

[1] The only grievance included with the initial complaint was a formal grievance filed with the warden on April 28, 2008 in which plaintiff complains about C.O. Hanganhour reading and tampering with plaintiff's mail. This grievance was returned without action for plaintiff's failure to use the informal grievance process before initiating a formal complaint. (Doc. 1 at 8).

Even if plaintiff is able to complete exhaustion of administrative remedies after filing this action, it would still be subject to dismissal as the law requires that he exhaust his administrative remedies before commencing suit. *Neal v. Goord,* 267 F.3d 116, 119 (2nd Cir. 2001) (citing *Jackson v. District of Columbia*, 254 F.3d 262, 268-69 (D.C.Cir.2001) (affirming rejection of the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"); *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999) ("The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.")); *Perez v. Wisconsin Department of Corrections,* 182 F.3d 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."); *see also Nyhuis v. Reno*, 204 F.3d 65, 71 (3rd Cir. 2000) ("Allowing the federal courts to fashion prison remedies before the prisons themselves have had the opportunity (and have the ability) to do so, is surely not what Congress intended when it enacted the [Prison Litigation Reform Act]."); *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir.1998) ("[E]xhaustion is now a pre-condition to suit.... Mandatory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply."); *Garrett v. Hawk*, 127 F.3d 1263, 1265 (10th Cir.1997) ("Congress specifically amended the statute to ... requir[e] federal prisoners to exhaust all administrative remedies before bringing ... a claim under 42 U.S.C. § 1983.")).

Plaintiff cannot cure the defect in his failure to exhaust his administrative remedies by post-filing exhaustion. Thus, he has failed to state a claim and his case must be dismissed without prejudice. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (citation omitted) ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."); *Douglas v. Yates*, ___ F.3d ___, 2008 WL 2875804 (11th Cir. 2008)(A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim.") (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)).

*Page 4 of 4*

Accordingly, it is respectfully RECOMMENDED:

That the plaintiff's case be dismissed **without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim due to plaintiff's failure to exhaust his administrative remedies prior to filing this case.

At Pensacola, Florida, this 8th day of August, 2008.


/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).