IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TERRY BRIAN PATE,

    Plaintiff,

vs.                              CASE NO.: 5:08cv229-SPM/MD

E. DIXON, et al.,

    Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

THIS CAUSE comes before the Court upon the Magistrate Judge's Report and Recommendation. (doc.9) Plaintiff has been furnished a copy and has filed objections (doc. 10). Pursuant to Title 28, United States Code, Section 636(b)(1), I have made a *de novo* determination of those portions of the report to which an objection has been made.

The Prison Litigation Reform Act ("PLRA") at 42 U.S.C. § 1997e requires exhaustion of administrative remedies <u>before</u> a case can be filed in court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." <u>Perez v. Wisonsin Dep't of Corrections</u>, 182 F.3d 532, 535 (7th Cir. 1999). The Supreme Court has referred to exhaustion as the "centerpiece" of the PLRA, and has cited with approval

the Eleventh Circuit's position that exhaustion is a mandatory provision, no longer left to the discretion of the district court, and that a prisoner must complete the process as the institution requires, including appeals.  Woodford v. Ngo, 548 U.S. 81, 83 (2006).

Plaintiff claims that he has completed the grievance process against Defendant Haganheur.  However, the information submitted by Plaintiff with his Complaint, specifically the Request for Administrative Remedy or Appeal, demonstrates that the grievance process was not completed because of Plaintiff's unwillingness to comply with the proper institutional procedures.  Therefore, Plaintiff has failed to follow the two- or three-step administrative procedure outlined in Florida Administrative Code chapter 33-103.

Accordingly, it is hereby ORDERED as follows:

1. The Magistrate Judge's Report and Recommendation (doc. 9) is *adopted and incorporated* by reference in this order.

2. This case is *dismissed without prejudice* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim due to Plaintiff's failure to exhaust his administrative remedies prior to filing this case.

DONE AND ORDERED this thirteenth day of October, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge